STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONONDAGA

JEFFREY'S AUTO BODY, INC.,

                      Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

                      Defendant.

INDEX NO.: 2012-1747

Plaintiff designates Onondaga County as the place of trial

The basis of venue is: Plaintiff's Place of Business

**SUMMONS**

Plaintiff's Business Address:
6181 Taft Road
N. Syracuse, New York 13212

TO THE ABOVE NAMED DEFENDANT:

    *YOU ARE HEREBY SUMMONED* to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within 20 days of the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: March 30, 2012

Defendant's Address:

Progressive Casualty Insurance Company
8300 Wilson Mills Road
Mayfield Village, OH 44143

Attorneys for Plaintiff
Office and Post Office Address of
BOUSQUET HOLSTEIN PLLC
Formerly known as Green & Seifter, Attorneys, PLLC

*Cecelia R. S. Cannon*
Cecelia R. S. Cannon, Esq.
110 West Fayette Street, Suite 900
Syracuse, New York 13202
Telephone: (315) 422-1391

1761594_1

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONONDAGA

JEFFREY'S AUTO BODY, INC.,

                     Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

                     Defendant.

**COMPLAINT**

Index No.: 2012-1747

Plaintiff, Jeffrey's Auto Body, Inc. ("Jeffrey's Auto"), by and through its attorneys, Bousquet Holstein PLLC, as and for its Complaint against Progressive Casualty Insurance Company ("Defendant"), hereby states and alleges as follows:

1. Plaintiff, Jeffrey's Auto is a New York corporation with a principal place of business at 6181 Taft Road, North Syracuse, New York 13212.

2. Defendant is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road, Mayfield, Ohio.

3. Defendant engages in the business of selling insurance in New York.

### FACTS COMMON TO ALL CAUSES OF ACTION:

4. Plaintiff is the assignee of claims by the following persons ("Assignors"), each of whom was in a motor vehicle accident involving an insured of Defendant's as indicated below:

|    | Assignor | Defendant's Insured | Policy No. (collectively, the "Policies") | Vehicle Vin No. (collectively, the "Vehicles") |
|----|----------|---------------------|-------------------------------------------|-----------------------------------------------|
| i  | Andersen, Dianna | Andersen, Dianna |  | JTMBD31V586084365 |
| ii | Bertrand, Jason | Bertrand, Jason |  | 1GNDT13S582211665 |

1

| | | | | |
|---|---|---|---|---|
| iii | Bidwell, Kathy | Bidwell, Kathy | | 2C3LA43R56H251620 |
| iv | Jones, Robert | Jones, Robert | | JA3AJ86E96U056456 |
| v | Turo, Neal | Turo, Neal | | JM1BK34M871767231 |
| vi | Van Slyke, Debbie | Van Slyke, Debbie | | JH4DC53882C001887 |
| vii | Salvagano, Mike | Garrett, Brian | | 1D7RV1GT9BS503926 |

5. At all relevant times to this Complaint, the relevant policies for each of Defendant's insureds as indicated above (collectively, the "Policies") were in effect.

6. Upon information and belief, the Assignors were involved in motor vehicle accidents resulting in property damage to the Vehicles (the "Accidents"), for which property damage claims were made against the Defendant as follows:

| | Assignor | Policy No. | Claim No. | Date of Loss |
|---|---|---|---|---|
| i | Andersen, Dianna | | 11-3644722-01 | 10/2/2011 |
| ii | Bertrand, Jason | | 11-5105895-01 | 2/9/2011 |
| iii | Bidwell, Kathy | | 11-1700099-01 | 1/2/2011 |
| iv | Jones, Robert | | 10-5550392-01 | 12/7/2010 |
| v | Turo, Neal | | 11-2443397-01 | 9/29/2011 |
| vi | Van Slyke, Debbie | | 08-5608704-02 | 3/9/2008 |
| vii | Salvagano, Mike | | 11-4008461-02 | 2/28/2011 |

7. In the case of Assignors (i) – (vi) (the "First Party Assignors"), the respective Policies provided insurance coverage for property damage to the automobiles listed above as indicated (the "Vehicles").

8. For Assignors (vii) (the "Third Party Assignor"), the Accident was caused solely by the negligence of Defendant's Insured or another person operating the Vehicle with the permission of Defendant's Insured, and Defendant admitted liability by providing partial payment for repairs on the Assignors' Vehicles.

9. In each case, Defendant was obligated to provide enough coverage to restore the Vehicles to the same condition they were in immediately prior to the Accidents.

2

10. Each of the Assignors took their respective Vehicle to Plaintiff for repairs.

11. Each of the Assignors made Plaintiff his/her Designated Representative as provided for by regulation.

12. With respect to each of the Vehicles, Plaintiff provided the Defendant with an Estimate that reflected the amount necessary to return the respective Vehicle to its pre-Accident condition.

13. With respect to each of the Vehicles, the Defendant provided Plaintiff with copies of its estimates for repairs (the "Insurer Estimate").

14. The Insurer's Estimate was insufficient to repair the Vehicles to their pre-Accident condition and in compliance with the New York State Insurance Laws and Regulations.

15. On or about the following dates, Plaintiff served upon Defendant Notices of Deficiencies (the "Notice") informing Defendant that there were open items and that an agreed upon amount had not been reached for the repairs:

|     | Assignor         | Policy No. | Date of Notice of Deficiency |
| --- | ---------------- | ---------- | ---------------------------- |
| i   | Andersen, Dianna |            | 10/25/2011                   |
| ii  | Bertrand, Jason  |            | 2/25/2011                    |
| iii | Bidwell, Kathy   |            | 3/28/2011                    |
| iv  | Jones, Robert    |            | 12/18/2010                   |
| v   | Turo, Neal       |            | 10/12/2011                   |
| vi  | Van Slyke, Debbie|            | 3/11/2008                    |
| vii | Salvagano, Mike  |            | 3/16/2011                    |

16. Defendant impeded and delayed fair settlement by, among other things, dictating and allocating price allowances, setting arbitrary price caps, refusing to negotiate labor rates, refusing to pay proper amounts for paint and parts invoices, and in many cases by failing to inspect or re-inspect the Vehicles within the time frames specified by regulation.

17. As a result of Defendant's actions and/or inaction as set forth above, Defendant failed to negotiate in good faith pursuant 11 NYCRR Part 216 (" Regulation 64").

**Payment and Amount Owed**

18. Plaintiff completed the repairs to the Vehicles to restore them to the same condition they were in immediately prior to the loss.

19. In each of the above referenced claims of the Assignors, Defendant failed to pay Plaintiff for the full amount required to put the respective Vehicle into its pre-accident condition.

20. In total, deficiencies of the following amounts remain due and owing to Plaintiff as a result of its repairs to the Vehicles (the "Deficiency"):

|     | Assignor | Policy No. | Deficiency Amount |
| --- | --- | --- | --- |
| i | Andersen, Dianna |  | $1,026.66 |
| ii | Bertrand, Jason |  | $1,010.91 |
| iii | Bidwell, Kathy |  | $1,129.14 |
| iv | Jones, Robert |  | $1,127.98 |
| v | Turo, Neal |  | $1,294.97 |
| vi | Van Slyke, Debbie |  | $1,342.41 |
| vii | Salvagano, Mike |  | $865.35 |

### FIRST CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant has refused to pay the Deficiencies for repairs on the First Party Assignors' Vehicles and thereby has violated its obligation under the Policies and New York Insurance Law and regulations to repair the Vehicles to their pre-accident condition.

23. As a result of the foregoing, Plaintiff is entitled to damages from Defendant in the amount of $6,932.07 together with interest at the statutory rate.

## SECOND CAUSE OF ACTION

24. Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff has provided automobile services on each of the Vehicles for which it is entitled to compensation.

26. Defendant knew Plaintiff expected compensation from Defendant in exchange for these services, in light of the estimates done by both parties in connection therewith.

27. Defendant accepted the benefit of these services in that the services were done to fulfill Defendant's obligation to return the Vehicles to their pre-accident condition.

28. Plaintiff is entitled to the reasonable value of its services from Defendant, in an amount to be determined at trial, but estimated by Plaintiff to be $7,797.42.

## THIRD CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff has had numerous dealings with Defendant over the years involving claims by consumer customers of Plaintiff's against Defendant for coverage for automobile repairs.

31. Defendant frequently provides a lower estimate of the cost of repairs than that which is actually required to repair a given vehicle to its pre-loss condition.

32. With respect to each of the Assignors and Accidents listed above, Defendant limited the costs it would cover to repair the Vehicles to less than the full amount necessary to repair the Vehicles to their pre-Accident condition.

33. Defendant's limitation of costs was a material deceptive action because it knew when it made its limitation that it was not providing the full amount necessary to restore the Vehicles to their pre-Accident condition.

34. Defendant's failure to negotiate all elements of the claim as required by regulation constitutes a deceptive business practice within the meaning of General Business Law §349.

35. Plaintiff has been injured because Plaintiff has not been paid the full cost of the repairs that were completed on the Vehicles.

36. As a result of the forgoing, Defendant has repeatedly violated General Business Law §349 and Plaintiff is entitled to $1000 and reasonable attorney fees as damages for each violation.

WHEREFORE, Plaintiff respectfully submits that this Court enter an Order and Judgment awarding Plaintiff the following:

a) On its First Cause of Action the amount of $6,932.07;

b) On its Second Cause of Action the amount of $7,797.42;

c) On its Third Cause of Action the amount of $7,000.00 and reasonable attorney fees; and

d) Such other and further relief as the Court deems just and proper.

Dated: March 30, 2012

BOUSQUET HOLSTEIN PLLC
Formerly known as Green & Seifter, Attorneys, PLLC

*Cecelia R S Cannon*
Cecelia R.S. Cannon, Esq.
Attorneys for Plaintiffs
110 West Fayette Street, Suite 900
Syracuse, New York 13202
Telephone: (315) 422-1391