**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY'S AUTO BODY, INC.,**

                     **Plaintiff,**

vs.                                    **5:12-cv-776**
                                            **(MAD/DEP)**

**PROGRESSIVE CASUALTY INSURANCE COMPANY,**

                     **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **BOUSQUET HOLSTEIN PLLC**<br>100 West Fayette Street, Suite 900<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **CECELIA R. CANNON, ESQ.**<br>**LAWRENCE M. ORDWAY, JR., ESQ.** |
| **NELSON, LEVINE, DE LUCA & HAMILTON**<br>One Battery Park Plaza – 32nd Floor<br>New York, New York 10004<br>Attorneys for Defendant | **KYMBERLY KOCHIS, ESQ** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 30, 2012, Plaintiff commenced this suit by filing a complaint in New York State Supreme Court, in Onondaga County. *See* Dkt. No. 1. In the complaint, Plaintiff asserts claims of breach of contract, *quantum meruit*, and violations of New York General Business Law § 349. *See id.* On May 10, 2012, Defendant removed the action to this Court based upon diversity of citizenship. *See id.*

Currently before the Court is Plaintiff's motion to remand to state court. *See* Dkt. No. 15-

2.[1]

## II. BACKGROUND

Plaintiff, a corporation with its principal place of business in New York, is an automobile repair shop located in North Syracuse, New York. *See* Dkt. No. 1-1 at ¶¶ 1, 10, 18. Defendant is an insurance company organized under the laws of the state of Ohio, with its principal place of business in Mayfield, Ohio. *See id.* at ¶ 2.

On a number of occasions between 2008 and 2011, Plaintiff repaired vehicles for seven customers whose repairs were to be paid by Defendant. *See id.* at ¶ 6. According to Plaintiff, these customers fall into two categories, the "First Party Assignors" and the "Third Party Assignors" (collectively, the "Assignors"). Although the theories of recovery differ for these two types of assignors, Plaintiff alleges that Defendant was obligated to repair the vehicles of all of the Assignors to their pre-accident condition.

As to the First Party Assignors, Defendant was the insurer of the vehicle being repaired. *See id.* at ¶ 7. In the complaint, Plaintiff identifies six (6) of these First Party Assignors, who were specifically identified by their unique claim number, policy number, and vehicle identification number. *See id.* at ¶¶ 4, 6, 7. According to Plaintiff, these First Party Assignors were in privity with Defendant and Defendant was required by the listed insurance policies "to provide enough coverage to restore the Vehicles to the same condition they were in immediately prior to the Accidents." *See id.* at ¶ 9. Plaintiff claims that the First Party Assignors assigned

---

[1] The Court notes that there are currently four other cases pending which share an identity of issues to the present matter. *See Jeffrey's Auto Body, Inc. v. State Farm Gen. Ins. Co.*, No. 5:12-cv-635 (MAD/DEP); *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, No. 5:12-cv-777 (MAD/DEP); *Nick's Garage, Inc. v. State Farm Gen. Ins. Co.*, No. 5:12-cv-633 (MAD/DEP); and *Nick's Garage, Inc. v. Nationwide Mutual Ins. Co.*, No. 5:12-cv-868 (MAD/DEP).

their rights under the specified policies to Plaintiff, and that Defendant breached the policies by providing an insufficient estimate to return the vehicles to their pre-accident condition and then refusing to pay the deficiencies that Plaintiff noted with regard to the estimate Defendant provided. *See id.* at ¶¶ 9, 14, 20, 22.

As to the second category of customer – *i.e.*, the Third Party Assignor – Plaintiff repaired a vehicle which was not directly insured by Defendant. *See id.* at ¶ 8. Rather, this vehicle was damaged by a driver who was insured by Defendant. *See id.* at ¶ 4(vii). Accordingly, Plaintiff alleges that Defendant's contractual relationship was with its tort-feasor insured, not with the Third Party Assignor, and that Defendant accepted liability on behalf of its insured for the repairs to the Third Party Assignor's vehicle by making partial payment for the claimed repairs. *See id.* at ¶ 8. Plaintiff claims that this assignment by the Third Party Assignor covered the Third Party Assignor's right to bring claims under New York State General Business Law § 349 and *quantum meruit*.

Specifically, Plaintiff contends that all of the Assignors brought their vehicles to Plaintiff for repairs after being damaged during accidents. *See id.* at ¶¶ 6, 10. Each of the Assignors made Plaintiff his or her "designated representative" pursuant to New York regulation. *See id.* at ¶ 11. A designated representative is authorized to negotiate with an insurer on behalf of a customer for repairs to a vehicle. *See* 11 N.Y.C.R.R. § 216.7(a)(2). In connection with each vehicle, Plaintiff sent Defendant an estimate of the repairs necessary to return the vehicles to their pre-accident condition. *See* Dkt. No. 1-1 at ¶ 12. Plaintiff alleges that Defendant then submitted estimates to Plaintiff which were insufficient to restore the vehicles to their pre-accident condition. *See id.* at ¶¶ 13-14. Thereafter, Plaintiff contends that it served upon Defendant Notices of Deficiencies informing Defendant "that there were open items and that an agreed upon amount had not been

3

reached for the repairs[.]" *See id.* at ¶ 15. Plaintiff alleges that, although it still completed the repairs necessary to return the vehicles to their pre-accident condition, Defendant failed to fully pay for those repairs, thereby violating its contractual and regulatory obligations to put the vehicles in their pre-accident condition. *See id.* at ¶¶ 18-19, 22, 27.

The complaint contains three causes of action. Plaintiff's first cause of action seeks $6,932.07 from Defendant for allegedly breaching the First Party Assignors' insurance policies and for violating New York State Insurance Law and regulations. *See id.* at ¶¶ 21-23. Plaintiff's second cause of action sounds in *quantum meruit* and seeks $7,797.42 based on Defendant's alleged acceptance of the benefit of Plaintiff's services in fulfillment of Defendant's obligation to return the vehicles to their pre-accident condition without adequately compensating Plaintiff. *See id.* at ¶¶ 24-28. Plaintiff's third cause of action seeks $7,000 ($1,000 per violation) and reasonable attorneys' fees for Defendant's alleged deceptive business practices in violation of New York State General Business Law ("GBL") § 349. *See id.* at ¶¶ 29-36. In this claim, Plaintiff alleges that Defendant's "failure to negotiate all elements of the claim" and pay the amount necessary to restore the vehicles to their pre-accident condition constitutes a deceptive business practice under GBL § 349. *See id.* at ¶¶ 32-34.

Currently before the Court is Plaintiff's motion to remand brought pursuant to 28 U.S.C. § 1447. *See* Dkt. No. 15.

### III. DISCUSSION

**A.     Plaintiff's motion to remand**

Federal district courts are courts of limited jurisdiction. Under 28 U.S.C. § 1332(a), a federal court has jurisdiction over the subject matter of a civil action where the amount in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "The 'party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Pollock v. Trustmark Ins.* Co., 367 F. Supp. 2d 293, 296 (E.D.N.Y. 2005) (quoting Scherer *v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003)).

A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock*, 367 F. Supp. 2d at 296-97 (citation omitted).

In its motion to remand, Plaintiff argues the total amount in controversy for jurisdictional purposes is $14,779.42 and, therefore, the Court lacks subject matter jurisdiction over this case.

5

*See* Dkt. No. 15-2 at 5.[2] Plaintiff claims that, "[i]n arguing that the Complaint meets the jurisdictional requirement, Defendant has incorrectly aggregated Plaintiff's first and second causes of action." *See id.* Plaintiff asserts that the first cause of action seeks recovery on a breach of contract theory for repairs made for six (6) customers who were insureds of Defendant. *See id.* The second cause of action seeking recovery in *quantum meruit* is pled in the alternative as to those First Party Assignors listed in the breach of contract claim and, therefore, only the *quantum meruit* and the GBL § 349 causes of action should be used in determining the amount in controversy. *See id.* Finally, Plaintiff argues that attorneys' fees should not be included in determining the amount in controversy because they are discretionary under GBL § 349(h) and, even if the Court considers them in determining the amount in controversy, "Defendant cannot show a reasonable probability that Plaintiff would be awarded over $60,000 in attorneys fees for a $14,779.42 case." *See id.* at 5-6.

In the present matter, Defendant has failed to establish that there is a reasonable probability that the amount in controversy is greater than $75,000. In the complaint, Plaintiff claims damages of $7,797.42 for its *quantum meruit* cause of action and $7,000 plus reasonable attorneys' fees for its GBL § 349 cause of action.[3] *See* Dkt. No. 1-1 at pg. 7. In arguing that the Court has jurisdiction, Defendant asserts that Plaintiff's GBL § 349 claim is not limited to the seven vehicles listed in the complaint. *See* Dkt. No. 18 at 10. Defendant claims that Plaintiff's allegations "go well beyond those seven vehicles" and notes that, in the complaint, Plaintiff

---

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

[3] Plaintiff is correct that, because its *quantum meruit* and breach of contract causes of action are pleaded in the alternative, only one may be used for purposes of determining the amount in controversy. Defendant does not appear to argue otherwise in its response to Plaintiff's motion to remand.

6

claims that it "'has had numerous dealings with Defendant over the years' and 'Defendant frequently provides a lower estimate of the cost of repairs than that which is actually required to repair a given vehicle to its pre-loss condition.'" *See id.* (quotation omitted). Although it is true that the complaint appears to indicate that Plaintiff believes that Defendant has engaged in additional conduct in violation of GBL § 349, the complaint is limited to the seven specific instances listed in the complaint, for a total of $7,000 in possible damages for that cause of action. Although Plaintiff may attempt to amend or supplement its complaint in the future to assert additional alleged violations of GBL § 349, it has not yet done so. Therefore, the Court finds that Defendant's argument is without merit.

Moreover, as Defendant correctly notes, the Court may, in certain circumstances, consider attorneys' fees in determining whether the amount in controversy is greater than $75,000. *See Pollock*, 367 F. Supp. 2d at 298. However, it is well settled in the Second Circuit that "attorney's fees may be used to satisfy the amount in controversy only where they are recoverable as of right pursuant to statute or contract." *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 166 F. Supp. 2d 740, 755-56 (E.D.N.Y. 2001) (citing *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56, 93 S. Ct. 451, 34 L. Ed. 2d 266 (1972)) (other citations omitted); *see also Kimm v. KCC Trading, Inc.*, 449 Fed. Appx. 85, 85-86 (2d Cir. 2012) (citations omitted).

Plaintiff seeks attorneys' fees pursuant to GBL § 349. Pursuant to that statute, "[t]he court *may* award reasonable attorney's fees to a prevailing party." N.Y. Gen. Bus. Law § 349(h) (emphasis added). As the language of the statute makes clear, an award of attorneys' fees under the statute is discretionary, not mandatory. As such, since attorneys' fees are not "recoverable as of right," but merely discretionary, the Court cannot count such an award toward the jurisdictional

amount.  *See In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 166 F. Supp. 2d at 756 (refusing to include attorneys' fees when determining whether the amount in controversy had been met because the "Tennessee Consumer Protection Act, which is the statutory basis for plaintiffs' causes of action in *Platt*, provides that attorney's fees are awarded to a successful litigant only at the court's discretion").

Although Defendant does cite to two cases in which the courts appeared to include GBL § 349 attorneys' fees in calculating the amount in controversy, those decisions are readily distinguishable.  *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005); *Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas de Espana, S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995).  In *Pollack*, the court did not address the question of whether attorneys' fees were available as a matter of right or were discretionary under GBL § 349.  *See Pollack*, 367 F. Supp. 2d at 298.  Granting the motion to remand, the court simply held that an award of $20,000 in attorneys' fees – the amount required to reach the jurisdictional minimum – would be unreasonable for an award of $55,000 in damages under the contract.  *See id.*  Similarly, the court in *Gardiner Stone Hunter Int'l* did not address the discretionary nature of the attorneys' fees provided for in GBL § 349 in denying the motion to dismiss for lack of subject matter jurisdiction.  *See Gardiner Stone Hunter Int'l*, 896 F. Supp. at 128-29.  The Court declines to follow these decisions which are distinguishable and are not in accord with controlling Second Circuit precedent.  *See Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 438 (N.D.N.Y. 2007) (noting that when a contract permits but does not mandate an award of attorney's fees, the court does not include such fees in determining whether the jurisdictional amount in controversy has been met) (citation omitted).

Even if the Court were to find that it may consider a possible award of attorneys' fees for

jurisdictional purposes in the present matter, the Court would still find that Defendant has failed to establish that the amount in controversy exceeds $75,000. For the amount in controversy to be met, the Court would need to find that there is a reasonable probability that if Plaintiff is successful on its GBL § 349 claim, it would be entitled to over $60,000 in attorneys' fees. However, "[t]he rule in New York is that an award of fees 'in excess of the amount involved in a litigation would normally appear to be unreasonable.'" *Diamond D. Enterprises USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (quotation and other citations omitted). Such an award, considering the relatively uncomplicated nature of this case and the limited recovery sought, would be unreasonable. *See Pollock*, 367 F. Supp. 2d at 298 n.5 (finding that, in an action alleging a breach of contract claim for $55,000 and one violation of N.Y. Gen. Bus. Law § 349(h) for $1,000, "[m]ore than $19,000 in attorney's fees for this action would not be reasonable and would not be awarded;" and, therefore, finding that the defendant failed to establish to a reasonable probability that the amount in controversy exceeds $75,000).

Based on the foregoing, the Court finds that Defendant has failed to establish that the amount in controversy is in excess of $75,000; and, therefore, the Court grants Plaintiff's motion to remand.

**B.       Plaintiff's request for attorneys' fees**

Plaintiff asserts that it is entitled to recover reasonable fees incurred as a result of the removal because "Defendant lacked an objectively reasonable basis for asserting that this $14,797.42 case met the amount in controversy requirement[.]" *See* Dkt. No. 15-2 at 18.

By statute, a court is permitted to award attorneys' fees when it remands a case to state court. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the removal"). It may do so, however, only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In considering whether to award attorneys' fees, a court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

In the present matter, the Court finds that an award of attorneys' fees is not warranted. Defendant's argued basis for federal subject matter jurisdiction, while ultimately unpersuasive, is not wholly unreasonable. This conclusion is especially true when considering the *Pollack* and *Gardiner Stone Hunter Int'l* cases, which arguably provide some support for Defendant's decision to remove. Further, Plaintiff does not assert, and there is no evidence suggesting, that Defendant sought to remove this case solely to delay the proceedings or impose litigation costs on Plaintiffs. *See, e.g., Elmira Teachers' Ass'n v. Elmira City Sch. Dist.*, No. 05-CV-6513, 2006 WL 240552, *7 (W.D.N.Y. Jan. 27, 2006) ("[T]he absence of bad faith, as well as the existence of a colorable question as to whether removal is proper, weighs against the award of costs and fees") (citing *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354-55 (S.D.N.Y. 2002)). Finally, as the Court previously noted, there are four related matters pending before the Court and Defendant's counsel represents Defendant in one of those matters which was apparently properly removed to this Court. *See Nick's Garage Inc. v. Progressive Casualty Ins. Co.*, No. 5:12-cv-777 (MAD/DEP).

Based on the foregoing, the Court denies Plaintiff's request for attorneys' fees.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's request for attorneys' fees is **DENIED**; and the Court further

**ORDERS** that, because the Court lacks subject matter jurisdiction over this matter, Defendant's motion to dismiss for failure to state a claim (Dkt. No. 3) is **DENIED** without prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall transfer this case to the New York State Supreme Court, Onondaga County; and the Court further

**ORDERS** that the Clerk of the Court shall close this case upon transfer to the New York State Supreme Court, Onondaga County; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 14, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge